Security Credit Servs., LLC v Boku (2025 NY Slip Op 25115)

[*1]

Security Credit Servs., LLC v Boku

2025 NY Slip Op 25115

Decided on May 19, 2025

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 19, 2025
Supreme Court, Bronx County

Security Credit Services, LLC, Plaintiff,

against
Binta Boku, Defendant.

Index No. 812270/2023e

Plaintiffs
STEVEN COHEN Firm Name: COHEN & COHEN LAW, LLC Address: 540 E 180th St Ste 203, Bronx, NY 10457-3322 Phone: (212) 564-1900 Service E-mail: scohen@cohenlawfir

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all of the papers filed in NYSCEF regarding the motion of plaintiff SECURITY CREDIT SERVICES, LLC ("Plaintiff) (Mot. Seq. 1), seeking an order, pursuant to CPLR 3212, granting summary judgment as against pro se defendant BINTA BOKA ("Defendant") in the amount of $4,055.07, together with interest, costs, and disbursements.
This motion highlights the new strict requirements set forth under the Consumer Credit Fairness Act for setting forth a prima facie showing against a pro se defendant on a motion for summary judgment under CPLR 3212. The motion is unopposed.
The facts in this matter are largely undisputed. The litigation arises out of an alleged breach of contract of a Rental Purchase Agreement entered between pro se Defendant and Kornerstone Credit LLC ("Kornerstone Credit") on June 29, 2021. Pursuit to the Rental Purchase Agreement, Defendant leased furniture with an option to buy from retailor Alexandro Furniture NY Corp. The financing was provided by Kornerstone Credit. The lease rental period was one year plus the period of first periodic payment.
The cash price of the furniture was $2725. The rental financed period was one year and included 52 payments of $ 125.52. 
The cost of the rental as defined in the contract is the "amount over cash price you will pay if you make all regular payments". Under that definition, Defendant is charged $3319 over the cash price of the furniture to finance the purchase. Hence, at the end of the one-year contract, [*2]Defendant would have paid $6044 for furniture that was valued at $2725.
Defendant received the furniture and thereafter quickly made seventeen (17) payments of $115.29. over the next five months. Within months of signing the contract, therefore, on November 5, 2021, Defendant had paid a total of $4055.07 for the $2725 worth of furniture. Defendant did not make any payments after November 2021.
On or about June 16, 2022, Kornerstone Credit sold and/or assigned all its rights and interest in Defendant's account Kornerstone SPV, LLC. The next day, Kornerstone SPV, LLC sold and/or assigned all its rights and interest in Defendant's account to Plaintiff.
Plaintiff commenced this breach of contract action against Defendant, seeking judgment for the sum of $4,055, and all costs and disbursements of this action on August 10, 2023. According to the affidavit of service, service on Defendant was completed on August 19, 2023, by delivering a copy of the pleadings to a person of suitable age and discretion, who identified themselves as the co-tenant of defendant but refused to give their name.
Pro se Defendant filed an answer days later on August 29, 2023 ("the Answer"). In the Answer, Defendant checks off boxes that provide affirmative defenses of: "I have paid all or part of the alleged debt", "unjust enrichment" and "Lack of Employment During Pandemic".
Over a year later, on February 6, 2025, Plaintiff filed this motion for summary judgment pursuant to CPLR 3212. In support of the motion, Plaintiff submits the pleadings, an affidavit of facts by Kornerstone Credit, Bills of Sale and Account Summaries, an affidavit of debt seller Kornerstone SPV LLC, an affidavit of debt buyer Plaintiff, a copy of the Rental Purchase Agreement and Payment History, and an affidavit of service of the motion on Defendant.
The motion is unopposed.
Of import here, the Consumer Credit Fairness Act became effective in May 2022 and is applicable to this lawsuit. This Act significantly amended the statutes governing litigations involving consumer credit transactions to provide powerful additional protections to debtors on motions for default judgment and on motions for summary judgment. 
CPLR 105(f) defines a consumer credit transaction as "a transaction wherein credit is extended to an individual and the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes". CPLR 105(f). Under the constellation of circumstances presented in this case, this action is founded on a "consumer credit transaction" and any additional criteria mandated by the Act must be satisfied to succeed on the motion (JHPDE Finance, I, LLC. v Harris, 2024 NY Slip Op. 24187 [Sup. Ct. New York County 2024]).
While this is a motion for summary judgment, it is relevant to note that the provision for default judgment under CPLR 3215 (f), not at issue herein, was amended by the Consumer Credit Fairness Act to require that on any application for judgment by default involving a consumer credit transaction, if the plaintiff is not the original creditor, the applicant must now include:
"(1) an affidavit by the original creditor of the facts constituting the debt, the default in payment, the sale or assignment of the debt, and the amount due at the time of sale or assignment;
(2) for each subsequent assignment or sale of the debt to another entity, an affidavit of sale of the debt by the debt seller, completed by the seller or assignor; and
(3) an affidavit of a witness of the plaintiff, which includes a chain of title of the debt, completed by the plaintiff or plaintiff's witness."
Similarly, CPLR 3215 (j) was also amended by the Act to require an additional affirmation of the non-expiration of the statute of limitations, although this section too applies to motions for a default judgment, and in fact, only to such default motions that seek to be entered by the clerk (see JHPDE Finance, I, LLC. v. Harris, supra).
Relevant to motions for summary judgment filed against pro se defendants, such as the one at hand, however, is the potential impact of the amendments to CPLR 306 and CPLR 3212 [FN1]
implemented by the Consumer Fairness Credit Act.
As for CPLR 306 (Proof of Service), which details the requirements of proof of service to commence an action, it was amended in CPLR 306-d to add new hurtles to acquiring a judgment in a consumer credit transaction case. In relevant part, the amended statute provides that:
"306-d. Additional mailing of notice in an action arising out of a consumer credit transaction:
(a) At the time of filing with the clerk of the proof of service of the summons and complaint in an action arising out of a consumer credit transaction, the plaintiff shall submit to the clerk a stamped, unsealed envelope addressed to the defendant together with a written notice in clear type of no less than twelve-point in size, in both English and Spanish, and containing [certain specific language] . . . .
(c) The clerk promptly shall mail to the defendant the envelope containing the additional notice set forth in subdivision (a) of this section. No default judgment based on the defendant's failure to answer shall be entered unless there has been compliance with this section, and at least twenty days have elapsed from the date of mailing by the clerk. No default judgment based on the defendant's failure to answer shall be entered if the additional notice is returned to the court as undeliverable. Receipt of the additional notice by the defendant does not confer jurisdiction on the court in the absence of proper service of process."
The statute includes a specific form labeled "Additional Notice of Lawsuit" that the creditor must submit to the Clerk for mailing to the debtor. The notice includes express language explaining the existence of a lawsuit, the possibility to respond, the risks of failing to appear and other directives serving to put a debtor on notice of his or her rights. The additional "Additional Notice of Lawsuit" form will be "promptly" mailed to the defendant. 
Based on the express language of the statute, however, the failure to provide said notice [*3]appears relevant only to motions for a default judgment. CPLR 306-d (c) specifies the penalties for failing to satisfy the directives set forth in the provision as a prohibition from awarding a default judgment. As the statute does not address motions for summary judgment or include the requirement of its satisfaction prior to moving for summary judgment, the court finds based on the express language of the Act, CPLR 306-d does not govern motions for summary judgment where a defendant has appeared.
In contrast, the Act's amendment to CPLR 3212 is directly applicable to motions for summary judgment filed as against pro se defendants. The Act amended the statute to provide under CPLR 3212 (j) that:
"Additional notice in any action to collect a debt arising out of a consumer credit transaction where a consumer is a defendant.
1. At the time of service of a notice of motion any part of which requests summary judgment in whole or in part, where the moving party is a plaintiff and the respondent is a consumer defendant in an action to collect a debt arising out of a consumer credit transaction, and where the consumer defendant against whom summary judgment is sought is not represented by an attorney, the plaintiff shall submit to the clerk a stamped, unsealed envelope addressed to the defendant together with the following additional notice in English and Spanish to be printed in clear type no less than twelve-point in size . . . ":
So, under the new Consumer Credit Fairness Act, on any motion for summary judgment involving a consumer transaction that involves a pro se defendant, the creditor must demonstrate that a timely 3212(j) additional notice was served on the Clerk with an addressed unsealed envelope. The additional notice must contain the specific language set forth in the Act including the explanation of the pro se defendant's right to oppose the motion. The language in the new CPLR 3212(j) appears to contemplate that the additional notice be provided to the Clerk at the moment of service of the motion. Although motions are filed and served simultaneously in e-file actions, the new CPLR 3212(j) will require delivery of the hard-copy notice and stamped envelope to the Clerk.
But the additional hurtles to summary judgment do not end there. Under CPLR 3212(j), the Clerk must promptly mail to the pro se defendant the envelope containing the additional notice and "note the date of mailing in the case record". Importantly, the statute states that "summary judgment shall not be entered based on defendant's failure to oppose the motion unless there has been compliance with this section and at least fourteen days have elapsed from the date of mailing by the clerk or nineteen days if the plaintiff's notice of motion demands additional time under subdivision (b) of rule 2214 of this chapter". CPLR 3212(j)(2).[FN2]

Applying these amendments to the record here, Plaintiff fails to set forth a prima facie case as against pro se defendant because there is no evidence that the directives of CPLR 3212-j were satisfied before the submission of the motion. Not only is there no proof that Plaintiff submitted to the Clerk the required stamped, unsealed envelope addressed to Defendant with the 3212-j notice, there is no notation in the record that the Clerk [FN3]
ever mailed such an envelope. As such, the motion is denied due to the failure to prove satisfaction of the Consumer Credit Fairness Act's requirements under CPLR 3212(j).
Accordingly, it is HEREBY
ORDERED that the motion by plaintiff SECURITY CREDIT SERVICES, LLC (Mot. Seq. 1) seeking an order granting summary judgment pursuant to CPLR 3212 against pro se defendant BINTA BOKUN is denied; and it is further
ORDERED that Plaintiff shall serve a copy of this decision and order with notice of entry upon the pro se defendant by regular mail or overnight mail by July 15, 2025, 2025, and upload proof of said service to NYSCEF by July 31, 2025; and it is further
ORDERED that Plaintiff shall serve a copy of this decision and order with notice of entry upon the Clerk of the Court, the Motion Support Office, and the Judgment Clerk in Bronx County by July 15, 2025, and upload proof of said service to NYSCEF by July 31, 2025; and it is further
ORDERED that the Clerk shall mark this motion (Mot. Seq. 1) decided in all court records.
The foregoing constitutes the Decision/Order of the court.
Date: May 19, 2025
Bronx, New York
E N T E R:
HON VERONICA G. HUMMEL, A.J.S.C.

Footnotes

Footnote 1:Although not at issue in this action, the Consumer Credit Fairness Act implemented another important change in law with the passage of CPLR 214-i. The statute of limitations for an action of breach of contract is six years. This limitations period is amended and shortened in lawsuits based on a consumer credit transaction by the Consumer Credit Fairness Act in CPLR 214-i which provides that "an action arising out of a consumer credit transaction where a purchaser, borrower or debtor is a defendant must be commenced within three years, except as provided in section two hundred thirteen-a of this article or article 2 of the uniform commercial code or article 36-B of the general business law. Notwithstanding any other provision of law, when the applicable limitations period expires, any subsequent payment toward, written or oral affirmation of or other activity on the debt does not revive or extend the limitations period".

Footnote 2:As stated in Siegel-New York Practice §278:

"[t]hat means that the minimum notice requirements in CPLR 2214(b), CPLR 3212(j)(1) . . . which allow the motion to be served eight days before the return date, will not allow for the entry of an order granting summary judgment against the defendant on the return date when: (1) the motion is made 'in an action to collect a debt arising out of a consumer credit transaction;' (2) the defendant is pro se; and (3) the defendant has failed to oppose the motion. CPLR 3212(j)"

Footnote 3:The court notes that it is not clear that the procedures are in place in the Clerk's office to process such envelopes and to note the necessary mailing in the record. As there is no allegation that such mailing was ever attempted , however, the issue need not be determined on this motion.